UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jesse J. Guevara,                                          Civil No. 05-2508 (DWF/AJB)

          Plaintiff,

v.                                                          **ORDER**

City of St. Paul; Officer Louis Ferraro,
badge # ____ personally and in his capacity
as St. Paul Police officer; Officer Nikkole
Graupmann, badge # 6765 personally, and
in her capacity as St. Paul Police officer;
Officer C. Hoyt badge # ____ personally
and in his capacity as a St. Paul Police officer;
and Officer M. Lenarz, badge #____,

          Defendants.
_____

Albert T. Goins, Sr., Esq., Goins Law Office, and Rick L. Petry, Esq., Rick L. Petry & Associates, counsel for Plaintiff.

James F. X. Jerskey, Assistant City Attorney, St. Paul City Attorney's Office, counsel for Defendants.
_____

      This matter is before the Court on the parties' Motions in Limine.  The Court will address each motion in turn.

**I.      Plaintiff's Motions**

    **a.      Motion to exclude Defendant's map/diagram of the area around
             1121 Albemarle Street, St. Paul, Minnesota**

Plaintiff has moved to exclude any map or diagram of the area around 1121 Albemarle Street, St. Paul, Minnesota, the location of the alleged incident. Consistent with the Court's comments at the pre-trial hearing on this matter, Plaintiff's motion is **DENIED**. Defendant may submit a map or diagram of the area, subject to a proper foundation being established and Defendant disclosing the proposed map or diagram to Plaintiff prior to trial. The Court will receive such a map or diagram for illustrative purposes only, absent further order of the Court.

    **b.      Motion to exclude St. Paul Police Department reports generated
             as a result of an incident in October 2004, and generated under
             CN# 04-256-429**

Plaintiff moves to exclude St. Paul Police Department reports generated as a result of an incident that occurred in October 2004 involving Plaintiff. Plaintiff's motion is **GRANTED**. The reports are excluded on grounds of hearsay and Fed. R. Evid. 403. Defendant shall make no reference to such police reports or the October 2004 incident absent further order of the Court.

      **c.**      **Motion to exclude the booking photo of Jesse Guevara from October 18, 2004**

Consistent with the Court's comments at the pre-trial hearing, the Court **GRANTS** Plaintiff's motion to exclude the booking photograph of Jesse Guevara from October 18, 2004, pursuant to Fed. R. Evid. 402 and 403.

      **d.**      **Motion to exclude St. Paul Police Run Reports for 1121 Albemarle Street, St. Paul, Minnesota**

The Court **GRANTS** Plaintiff's motion to exclude the run reports pursuant to Fed. R. Evid. 403.

      **e.**      **Motion to exclude the St. Paul Police Department's Use of Force Continuum**

The Court **DENIES** Plaintiff's motion to exclude the St. Paul Police Department's Use of Force Continuum. The Court will allow testimony on the Use of Force Continuum subject to a proper foundation being laid. The Court will allow the use of any diagram or chart illustrating the Use of Force Continuum subject to a proper foundation being laid and for illustrative purposes only.

      **f.**      **Motion to exclude the audiotape interview of Linda Guerrero by Sergeant Joseph Flaherty**

The Court **GRANTS** Plaintiff's motion to exclude the audiotape interview of Linda Guerrero on grounds of hearsay. The Court will **RESERVE** ruling on whether the audiotape can properly be introduced as impeachment evidence.

     **g.    Motion to exclude any reference to Jesse Guevara's purported prior convictions or other bad acts**

Plaintiff moves to exclude any reference to Jesse Guevara's purported prior conviction: namely, the April 2004 conviction for theft of unemployment benefits. The Court finds that the fact of his conviction is **ADMISSIBLE** as a crime of dishonesty pursuant to Fed. R. Evid. 403 and 609. The Court will not, however, allow mention of Jesse Guevara's probation violation or any "no-drink" provision of his probation absent further order of the Court.

     **h.    Motion to exclude any reference to Jesse Guevara's brother Robert Guevara**

Consistent with the Court's remarks off the bench, the Court **GRANTS** Plaintiff's motion to exclude any reference to Robert Guevara.

     **i.    Motion to exclude any reference to Jesse Guevara's blood alcohol content on December 4, 2004, from the medical records**

At the pre-trial hearing, Plaintiff made an oral motion to exclude any reference to Jesse Guevara's blood alcohol content on December 4, 2004, as it appears in his medical records. The Court **DENIES** Plaintiff's motion. Such evidence will be admissible subject to a proper foundation being laid.

**II.    Defendants' Motions**

     **a.    Motion to prohibit Plaintiff or any witness from eliciting or presenting evidence regarding the internal affairs records regarding the named Defendants or any other St. Paul Police officer**

Defendants have moved to prohibit Plaintiff or any witness from eliciting or from presenting testimony, documentary evidence, information, allegations, or argument

regarding any disciplinary record, including unsustained complaints and/or unrelated sustained complaints against the individually-named Defendants Lou Ferraro, Nikkole Graupmann, Michael Lenarz, Christopher Hoyt, or any other St. Paul Police officer. The Court **GRANTS** Defendants' motion pursuant to Fed. R. Evid. 402 and 403.

    **b.** **Motion to prohibit Plaintiff or any witness, particularly Linda Guerrero, from eliciting or presenting evidence regarding allegations that one or more City of St. Paul employee engaged in illicit conduct with Linda Guerrero when she was employed at the Coffee Cup restaurant in the City of St. Paul**

Pursuant to Fed. R. Evid. 402 and 403, the Court **GRANTS** Defendants' motion to prohibit Plaintiff or any witness, particularly Linda Guerrero, from eliciting or from presenting testimony, documentary evidence, information, allegations, or otherwise speculating on or regarding allegations that one or more City of St. Paul employees engaged in illicit conduct with Linda Guerrero when she was employed at the Coffee Cup restaurant in the City of St. Paul.

    **c.** **Motion to prohibit Plaintiff or any witness from eliciting or presenting evidence regarding past loss of income or future earning capacity**

The Court **DENIES** Defendants' motion to prohibit Plaintiff or any witness from eliciting or from presenting testimony, documentary evidence, information, allegations, or argument regarding past loss of income or future earning capacity. Such evidence will be presumptively admissible, subject to a proper foundation being established.

5

      **d.**      **Motion to prohibit Plaintiff or any witness from eliciting or presenting evidence regarding instances of police use of force unrelated to the December 4, 2004 incident**

Defendants have moved to prohibit Plaintiff or any witness from eliciting or from presenting testimony, documentary evidence, information, allegations, or argument regarding instances, examples, or anecdotes of instances of police use of force unrelated to the December 4, 2004 incident. Consistent with the Court's ruling off the bench, Defendants' motion is **GRANTED** pursuant to Fed. R. Evid. 403.

      **e.**      **Motion to prohibit Plaintiff or any witness from eliciting or presenting evidence regarding the lawfulness of the arrest on December 4, 2004**

Defendants have moved to prohibit Plaintiff or any witness from eliciting or from presenting testimony, documentary evidence, information, allegations, or argument regarding or calling into question the lawfulness or reasonableness or motivation for the officers' attempt to arrest the Plaintiff based on probable cause to believe he committed domestic assault against Linda Guerrero on December 4, 2004. The Court **GRANTS** Defendants' motion. Based on the record before the Court, Plaintiff will not be allowed to raise issues questioning the validity of the arrest. The Court will not permit the Plaintiff to imply or assert that the arrest was not based on probable cause. The Defendant Officers are free to explain the basis for the arrest, yet, as the Court explained at the pre-trial hearing, there is no reason for the Defendants to use phrases such as constitutionality, validity, etc.

  **f.**  **Motion to permit Defendants to inquire into the circumstances of Plaintiff's October 18, 2004 arrest for interfering with a 911 call involving Linda Guerrero reporting a domestic assault**

Defendants have moved for permission to allow, upon direct examination of one or more of their witnesses, inquiry into the circumstances of the Plaintiff's October 18, 2004 arrest for interfering with a 911 call involving Plaintiff's girlfriend, Linda Guerrero, and her attempt to call 911 to report a domestic assault committed by the Plaintiff. Defendants' motion is **DENIED** pursuant to Fed. R. Evid. 402 and 403. Absent further order of the Court, there shall be no reference to the events of October 18, 2004.

  **g.**  **Motion to permit Defendants to elicit evidence regarding calls for service to 1121 Albemarle Street in St. Paul**

Defendants have moved for permission to allow, upon direct examination of the Defendant Officers, the elicitation of evidence regarding calls for service to 1121 Albemarle Street in St. Paul, the location where Plaintiff stayed with his girlfriend, Linda Guerrero. Defendants' motion is **DENIED** pursuant to Fed. R. Evid. 402 and 403.


Dated:  February 28, 2008     s/Donovan W. Frank
                DONOVAN W. FRANK
                Judge of United States District Court